**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MAURICE A. MAY-DILLARD,**

      **Plaintiff,**

      **vs.**                   **Civil Action 2:14-CV-1327**
                                    **Judge George C. Smith**
                                    **Magistrate Judge Elizabeth Preston Deavers**

**OHIO DEPARTMENT OF**
**REHABILITATION &**
**CORRECTIONS,**

      **Defendant.**

<u>**ORDER AND REPORT AND RECOMMENDATION**</u>

      Plaintiff, Maurice A. May-Dillard, a state inmate who is proceeding without the assistance of counsel, brings this action against the Ohio Department of Rehabilitation and Corrections, alleging that transfers by staff under administrative control violated the Ohio Administrative Code. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) The Motion is **GRANTED**. Plaintiff's trust account statement reveals that he currently possesses the sum of $0.02 in his prison account, which is insufficient to pay the full filing fee. His application indicates that his average monthly deposits for the six-month period prior to filing his application to proceed *in forma pauperis* were $14.00. Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account (Inmate Identification Number # A301181) at the Mansfield Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to

the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.  28 U.S.C. § 1915(b)(2).  *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court.  The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S.

319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
>       \*       \*       \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua*

*sponte* dismissal of an action upon a court's determination that the action is frivolous or

malicious, or upon determination that the action fails to state a claim upon which relief may be

granted.

      To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the

Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements

set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' .

. . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it

tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*,

550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule

12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual

---

[1]Formerly 28 U.S.C. § 1915(d).

matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550

U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must

construe the complaint in the light most favorable to the non-moving party, accept all factual

allegations as true, and make reasonable inferences in favor of the non-moving party. *Total*

*Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.

2008) (citations omitted). The Court is not required, however, to accept as true mere legal

conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550

U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than

formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978,

2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520

(1972)).

## II.

The Undersigned concludes that Plaintiff has failed to state a claim for which this Court

can grant relief. As best the Court can discern, Plaintiff asserts that, as a result of the Southern

Ohio Correctional Facility riot of 1993, much of the staff was placed on administrative leave.

According to Plaintiff, inmates were then transferred throughout Ohio in violation of Ohio

Administrative Code § 5120-9-53, which vests jurisdiction for transfer decisions in a

classification committee established at each institution. O.A.C. § 5120-9-53(a). Plaintiff

indicates that instead of such a committee, outside entities such as the Federal Bureau of

Investigations and the National Guard assisted in transfer decisions. Plaintiff points to Ohio

Administrative Code § 5120-9-23, which limits corrections facilities to only the Ohio state

highway patrol and other local support agencies in the event of an escape.  O.A.C. § 5120-9-23(c).  Plaintiff seems to assert that this limits the ability of ODRC to bring in outside support agencies in circumstances other than escape.  Plaintiff further asserts that he is "wrongfully incarcerated and illegally detained due to falsified documents of the ODRC."  (Compl. 6, ECF No. 1-1.)  Plaintiff seeks relief in the form of damages for every day he has been in ODRC custody, immediate release, an appeal bond and/or a bond hearing.

As an initial matter, to the extent Plaintiff purports to challenge the fact or duration of his confinement, his sole remedy in federal court is habeas corpus.  *See Skinner v. Switzer*, 131 S.Ct. 1289, 1293 (2011) ("Habeas is the exclusive remedy . . . for the prisoner who seeks immediate or speedier release from confinement." (internal quotation marks and citation omitted)).

Plaintiff names ODRC as the only Defendant in this action.  Plaintiff's claim for money damages against ODRC is barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment provides as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign state.

U.S. Const. amend. XI.  It is well established that "Ohio has not waived its Eleventh Amendment immunity from state-law claims for money damages against ODRC."  *Carmicheal v. City of Cleveland*, ---F. App'x ----, 2014 WL 3056534, at *8 (6th Cir. July 7, 2014); *see also Turker v. Ohio Dept. of Rehab. & Corr.*, 157 F.3d 453, 456-57 (6th Cir. 1998) ("It is . . . well-established that a federal court cannot entertain a lawsuit against state officials for violations of state law unless the state has waived its immunity under the Eleventh Amendment. . . .  Ohio has not waived that immunity."); *Mobley v. State of Ohio Dept. of Rehab. & Corr.*, No. 2:13-cv-1130, 2014 WL 1369289, at *2 ("It is well established that ODRC is a division of the State of Ohio for

5

purposes of sovereign immunity.")  Dismissal under the Eleventh Amendment, however, "should be made without prejudice."  *Carmichael*, 2014 WL 3056534 at *8.  Accordingly, the Undersigned recommends that Plaintiff's Complaint be dismissed without prejudice.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate

review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the

issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: August 22, 2014                                       ____ /s/ *Elizabeth A. Preston Deavers*
                                                            Elizabeth A. Preston Deavers
                                                            United States Magistrate Judge